**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| DARCY JAY BETTERTON,<br><br>　　　　　　Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | No. C14-3021-MWB<br>(CR03-3014-MWB)<br><br>**INITIAL REVIEW ORDER** |

_____

## I.　　INTRODUCTION AND FACTUAL BACKGROUND

This case is before me on petitioner Darcy Jay Betterton's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1), filed on April 10, 2014. In his § 2255 motion, Betterton claims that he is entitled to relief under the United States Supreme Court's decisions in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and *Descamps v. United States*, 133 S. Ct. 2276 (2013). In *Alleyne*, the Court overruled *Harris v. United States*, 536 U.S. 545 (2002), and concluded that:

> [a]ny fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Alleyne*, 133 S. Ct. at 2155 (citation omitted). Betterton claims that *Alleyne* was violated because I enhanced his sentence based on facts which were not determined by a jury.

In *Descamps*, the Court held that in determining whether a predicate crime is a violent felony under the Armed Career Criminal ("ACCA"), 18 U.S.C. § 924(e), a sentencing court may not use the so-called modified categorical approach when the crime in question has a single, indivisible set of elements. *Descamps*, 133 S. Ct. at 2282. Betterton claims that I violated *Descamps* by applying the modified categorical approach to two crimes which he was convicted even though those crimes each had a single, indivisible set of elements.

I am required to make an initial review of the motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings. Summary dismissal of a § 2255 motion is appropriate where the allegations are vague or conclusory, palpably incredible, or patently frivolous or false. *See Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977).

On February 20, 2003, a Grand Jury handed down a three-count Indictment charging Betterton with possessing with intent to distribute approximately 69.18 grams of a mixture or substance containing a detectable amount of methamphetamine, which contained 6.9518 grams of actual (pure) methamphetamine, after having previously been convicted of at least one felony drug offense (Count 1), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851, possessing with intent to distribute 179.30 grams of a mixture or substance containing a detectable amount of cocaine, after having previously been convicted of at least one felony drug offense (Count 2), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851, and possessing with intent to distribute approximately 110.81 grams of marijuana, after having previously been convicted of at least one felony drug offense (Count 3), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 851. Following a jury trial, Betterton was convicted of all three charges. I sentenced Betterton to 360 months in prison, the bottom of his guidelines range, on Counts 1 and 2, and a concurrent sentence to the statutory maximum of 120 months of imprisonment on Count 3. Betterton appealed his sentence and conviction.

According to the Eighth Circuit Court of Appeals, Betterton appealed "the district court's admission of evidence obtained from the inventory search and of evidence of his prior convictions" and "raise[d] for the first time on appeal the argument that he was unconstitutionally sentenced under a mandatory application of the Sentencing Guidelines." *United States v. Betterton*, 417 F.3d 826, 829 (8th Cir. 2005). The Eighth Circuit Court of Appeals concluded "that the district court did not err in denying Betterton's motion to suppress the evidence obtained in the inventory search," *id.* at 831, and "that the district court did not abuse its discretion in admitting evidence of Betterton's two prior convictions." *Id.* at 832. However, the Eighth Circuit Court of Appeals concluded that Betterton was entitled to some relief on his argument that the sentence, pronounced under a mandatory application of the Sentencing Guidelines, was erroneous under *United States v. Booker*, 543 U.S. 220 (2005). *Betterton*, 417 F.3d at 832. Reviewing for plain error, because the issue had not been raised before me at sentencing, the appellate court noted that I had stated that, if I had the discretion to do so, I would have sentenced Betterton to less than 360 months of imprisonment, because I believed that a lesser sentence would serve the objectives of sentencing and that a 360-month sentence was too harsh and too severe. *Id.* at 832-33. Therefore, the appellate court reversed and remanded for me to conduct a resentencing under the advisory guidelines. *Id.* at 833. At the resentencing hearing, I granted Betterton's motion for a downward variance and sentenced him to 300 months of imprisonment, below the advisory guidelines range of 360 months to life.

Betterton then filed his original *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody in *Betterton v. United States*, C07-3014-MWB. In his original § 2255 motion, Betterton asserted the following three grounds for relief: (1) denial of his constitutional right to a fair trial based on allegedly improper comments made by the prosecutor during trial, which prejudiced the

jury; (2) denial of his Sixth Amendment right to effective assistance of counsel based on trial counsel's failure to call a certain witness, to raise certain objections, and to challenge Betterton's prior state convictions as the basis for enhancement of his sentence pursuant to 21 U.S.C. § 851; and (3) error by the district court in finding Betterton to be a career offender under U.S.S.G. § 4B1.1. Following briefing, I denied Betterton's original § 2255 motion on the merits on July 27, 2009, and denied him a certificate of appealability. Betterton then appealed to the Eighth Circuit Court of Appeals for a certificate of appealability. Betterton's appeal was denied on December 3, 2009.

## II.     LEGAL ANALYSIS

Section 2255 requires petitioners to seek approval from the court of appeals to file a second or successive petition. *See* 28 U.S.C. § 2255(h). A court must dismiss for lack of subject matter jurisdiction any successive petition that is filed without the Eighth Circuit Court of Appeals's permission. *See Boykin v. United States*, 242 F.3d 373, 2000 WL 1610732, at *1 (8th Cir. Oct. 30, 2000) (unpublished decision); *United States v. Bailey*, 514 Fed. App'x 835, 836 (11th Cir. 2013) (noting that "[a] prisoner may not . . . file a second or successive petition under § 2255 unless and until we grant certification. Absent such permission, the district court lacks jurisdiction to address the petition and must dismiss it.") (citations omitted); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (instructing that "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.") (emphasis in original); *see also United States v. Davis*, 524 Fed. App'x 389, 390 (10th Cir. 2013) (noting that "[a] prisoner may not file a second-or-successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion."). Here, because I have already denied Betterton's original § 2255 motion on the merits, his current § 2255 motion is an

unauthorized successive § 2255 motion over which this court lacks jurisdiction. *See Boykin*, 242 F.3d 373, 2000 WL 1610732, at *1; *see also Hill v. Morrison*, 349 F.3d 1089, 1090 (8th Cir. 2003) ("Before a trial court may consider a second or successive § 2255 motion . . . . a petitioner must obtain permission from the court of appeals."). Accordingly, Betterton's § 2255 motion is denied without prejudice.

**IT IS SO ORDERED**.

**DATED** this 18th day of April, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA